# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LISA R. JACOBS,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>Agency. | DOCKET NUMBER<br>SF-0752-14-0514-I-1<br><br><br>DATE: February 6, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa R. Jacobs, Beaumont, California, pro se.

Lisa Holliday, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. In reaching our decision, however, we base our findings on a slightly different basis than the reasoning offered by the administrative judge. Accordingly, we AFFIRM the initial decision as MODIFIED by note 4, below. The initial decision, as modified by this Final Order, is the Board's final decision in this matter. 5 C.F.R. § 1201.113(b).

¶2  The appellant applied for and received disability retirement effective January 23, 2013. Initial Appeal File (IAF), Tab 6 at 6, Tab 4, Subtab 4d. At the time of her retirement, the appellant served as a clerk, IAF, Tab 6 at 6; prior to holding this position, she served as a patient services assistant, and she accepted a demotion to the clerk position as part of a last chance settlement agreement in December 2010, IAF, Tab 7, Subtab 5i. After being reassigned to the clerk position, she submitted a reasonable accommodation request based upon the physical conditions of her new workspace, which was granted. IAF, Tab 4, Subtab 4j. After the agency implemented the approved accommodations, the agency's Chief of Occupational Safety and Health further recommended that the appellant be placed on a restricted work duty due to ongoing complications with her physical workspace. IAF, Tab 4, Subtab 4i. Based on this recommendation, the agency restarted the reasonable accommodation interactive process, during which the appellant requested to be returned to her prior patient services assistant

position. IAF, Tab 4, Subtab 4f. In response to her request for a reassignment, the agency searched for a vacant funded position within the appellant's medical restrictions, and it offered to interview her for a possible temporary reassignment as a program support clerk pending permanent appointment, which she declined. IAF, Tab 7, Subtab 5r (the agency email communication); IAF, Tab 4, Subtab 4e (the appellant's statement that she "was offered a temporary position" which she "declined because she is permanent and full time").

¶3        The appellant thereafter applied for disability retirement, and prior to receiving a decision from the Office of Personnel Management (OPM) on her application, she filed an equal employment opportunity (EEO) complaint alleging a denial of reasonable accommodation. IAF, Tab 4, Subtab 4e. After OPM approved the appellant's application for disability retirement, the agency construed her EEO complaint to be a mixed-case complaint alleging both an involuntary retirement claim and a denial of reasonable accommodation claim, and it issued her a final agency decision with mixed-case appeal rights to the Board. IAF, Tab 4, Subtab 4a. The appellant filed a timely Board appeal, and the assigned administrative judge subsequently issued an initial decision dismissing her involuntary disability retirement appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID). In his initial decision, the administrative judge found that the agency did not unjustifiably deny the appellant a reasonable accommodation, and he further found that the appellant failed to allege that she was coerced or forced to retire. ID at 11-14.

¶4        An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary and outside of the Board's jurisdiction. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). An involuntary retirement, however, is equivalent to a forced removal and falls within the Board's jurisdiction. *Id.* The Board has found that there are generally two ways an employee can establish jurisdiction over an alleged involuntary disability retirement. *See Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493,

¶¶ 11-12 (2011). First, the Board may have jurisdiction over an alleged involuntary disability retirement when an appellant nonfrivolously alleges: (1) that she expressed an interest in working, rather than retiring, by requesting an accommodation; (2) that a reasonable accommodation was available which would have allowed her to continue working; and (3) the agency unjustifiably failed to offer her the accommodation. *Id.*, ¶ 12. Alternatively, an appellant can establish Board jurisdiction over an involuntary disability retirement appeal by nonfrivolously alleging that the agency created a hostile work environment which not only led to intolerable working conditions, but also caused or exacerbated the medical conditions underlying her disability retirement, thereby causing her to involuntarily seek disability retirement.[2] *Id.*, ¶ 14.

¶5        In his initial decision, the administrative judge assessed the appellant's allegations of an involuntary disability retirement under both jurisdictional standards and found that she could satisfy neither. Upon our review of the record, we agree with the administrative judge's findings. The record reflects that the agency engaged in the interactive process with the appellant and granted her several accommodations, including changes and alterations to her workspace. *See* IAF, Tab 4, Subtab 4j. The agency, moreover, also considered reassigning the appellant to another position of employment as a form of reasonable accommodation, which she declined. *See* IAF, Tab 4, Subtab 4e. The Board has found that an appellant cannot establish a disability-based denial of reasonable accommodation when she declines an agency's reasonable accommodation offer, and it has further found that an appellant does not have the right to the accommodation of her choice. *See Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 21 (2014).

---

[2] The Board has further recognized that, under limited circumstances, an appellant can establish her decision to seek disability retirement was involuntary based upon misinformation, duress, or coercion. *See Vaughan*, 116 M.S.P.R. 493, ¶ 13.

¶6    Here, it is undisputed that the agency engaged in the interactive process with the appellant, provided her with several accommodations, and offered to consider her for a reassignment to a temporary position pending permanent reassignment, which she declined.  IAF, Tab 4, Subtab 4e.  For the purposes of establishing the Board's jurisdiction over an alleged involuntary disability retirement, we find that these facts fail to demonstrate that the agency improperly denied the appellant a reasonable accommodation.[3]  *See Vaughan*, 116 M.S.P.R. 493, ¶ 12; *see also Wilson v. Immigration & Naturalization Service*, 55 M.S.P.R. 40, 44 (1992) (finding no disability-based discrimination where the employee rejected a proposed reassignment).  Accordingly, we agree with the administrative judge's ultimate conclusion that the appellant failed to nonfrivolously allege that she had no choice but to leave federal employment and seek disability retirement.[4]  ID at 12-13.

¶7    We further agree with the administrative judge that the appellant offered no argument that the agency created a hostile work environment which caused or

---

[3] Because we find that the appellant failed to nonfrivolously allege facts establishing the Board's jurisdiction over her involuntary disability retirement appeal, we do not reach the merits of whether the appellant established a denial of reasonable accommodation.  *See Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶ 17 n.3 (2005) (absent jurisdiction over an alleged involuntary retirement, the Board cannot consider the merits of an appellant's discrimination affirmative defense).

[4] In his initial decision, the administrative judge found that the agency did not unjustifiably deny the appellant reassignment to her prior position because she had recently been transferred out of that position pursuant to the terms of a last chance settlement agreement.  ID at 12.  Because we find that the agency satisfied its reasonable accommodation obligation when it offered the appellant a possible reassignment—at least insofar as that obligation bears on the question of the Board's jurisdiction over an involuntary disability retirement appeal, *see Collins*, 100 M.S.P.R. 322, ¶ 17 n.3—we have no reason to consider whether the agency justifiably denied the appellant reassignment to her prior position.  ID at 12-13.  As noted in paragraph 5 above, an appellant does not have the right to the accommodation of her choice, and the agency's offer of a possible reassignment, which the appellant declined, demonstrates that the appellant had some choice in applying for disability retirement and that the agency did not effectively impose the appellant's separation from federal service.  *See Miller*, 121 M.S.P.R. 189, ¶ 21.

exacerbated the medical conditions underlying her disability retirement, thus causing her to seek disability retirement involuntarily. *See Vaughan*, 116 M.S.P.R. 493, ¶ 14; ID at 14. The appellant, moreover, has not alleged that her decision to seek disability retirement was the product of duress, coercion, or misinformation on the part of the agency, and we have no reason to find that she nonfrivolously alleged facts which could establish the Board's jurisdiction under these alternative standards. *See Vaughan*, 116 M.S.P.R. 493, ¶ 13 (explaining that the Board has applied its regular principles for determining jurisdiction over alleged involuntary retirements in unusual circumstances); ID at 13.

¶8    We accordingly AFFIRM as MODIFIED the jurisdictional dismissal of the appellant's involuntary disability retirement appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.